UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CASE NO. 5:12CR24 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| **DARNELL BUTCHER,** | ) | |
| | ) | |
| Defendant. | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon the Motion (ECF DKT #80) of Defendant, Darnell Butcher, for Judgment of Acquittal.  Upon consideration of the Motion, Response, Exhibits, and applicable law, the Court DENIES Defendant's Motion for Judgment of Acquittal.

<u>**I. BACKGROUND**</u>

On January 11, 2012, the United States of America indicted Darnell Butcher.  The indictment alleged that on or about April 8, 2011, Butcher (1) knowingly possessed a firearm as a prohibited person, and (2) knowingly possessed with the intent to distribute 12.1 grams of crack cocaine.  On March 22, 2012, Defendant pleaded not guilty to both counts of the

indictment and a trial commenced on September 24, 2012.

During the trial, on September 25, 2012, the United States called Dreshon Brumley, a convicted felon, as a witness.  ECF DKT #67, Trial Transcript Part 2, pages 34-101.  Mr. Brumley testified that he knew the Defendant to be living at 520 Ravenna Ave. where the Government alleged Defendant possessed firearms and cocaine.  *Id.*  Mr. Brumley further testified that a lockbox containing crack cocaine and a weapon was located inside the house and that he only ever saw Defendant open or use it, allegedly when selling the drugs.  *See id.* at 46-49, 61-62.  On cross-examination, Defense Counsel questioned Mr. Brumley regarding his interviews with police officers in the present case and Mr. Brumley admitted to lying to the officers.  *Id.* at 81, 88.  Mr. Brumley further admitted to drug trafficking, and being convicted of drug trafficking, on both direct and cross-examination.  *See id.* at 356, 359.

On September 27, 2012, the jury returned a verdict of guilty as to both counts.  On November 8, 2012, Defendant filed a Motion for Judgment of Acquittal pursuant to Fed. R. Crim. P. 29(c), and the United States responded in opposition on January 17, 2013.

## II. ANALYSIS

**1. Fed. R. Crim. P. 29**

Rule 29 of the Federal Rules of Criminal Procedure provides for motions for judgment of acquittal; and specifically, Fed. R. Crim. P. 29(c) governs motions after a jury verdict.  Fed. R. Crim. P. 29(c)(2) states: "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal."  No prior motion is required (Fed. R. Crim. P. 29(c)(3)), but the motion must be made "within 14 days after a guilty verdict or after the court discharges the jury, whichever is later."  Fed. R. Crim. P. 29(c)(1).

>The United States Supreme Court has held:
>
>>After *Winship* the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson v. Virginia*, 443 U.S. 307, 318-319 (1979) (emphasis in original) (internal citations omitted). The Sixth Circuit adopted this standard in *United States v. Wright*, 16 F.3d 1429, 1439 (6th Cir. 1994). The Sixth Circuit has also held that "[i]t is not necessary that circumstantial evidence remove every reasonable hypothesis except that of guilt." *United States v. Stone*, 748 F.2d 361, 363 (6th Cir. 1984). Rather, "[c]ircumstantial evidence alone, if 'substantial and competent,' may support a verdict." *United States v. Keeton*, 101 F.3d 48, 52 (6th Cir. 1996). In this vein, the Court does not "weigh the evidence, assess the credibility of the witnesses, or substitute [its] judgment for that of the jury." *Wright*, 16 F.3d at 1440. Thus, "[a] defendant claiming 'insufficiency of the evidence bears a very heavy burden" (*Id.* at 1439 (internal citations omitted)), and "the granting of a motion to acquit 'will be confined to cases where the prosecution's failure is clear.'" *Keeton*, 101 F.3d at 51 (quoting *Burks v. United States*, 437 U.S. 1, 17 (1978)).

**2. Defendant's Motion**

On Count One of the indictment, Possession of a Firearm by a Prohibited Person under 18 U.S.C. § 922(g)(1), the Government has to show beyond a reasonable doubt that (1) Defendant is a convicted felon; (2) the firearm or ammunition crossed state lines; and (3)

Defendant knowingly possessed a firearm or ammunition.  Regarding Count Two of the indictment, Possession with Intent to Distribute 12.1 grams of Cocaine Base under 21 U.S.C. § 841(a)(2), the Government has to show beyond a reasonable doubt that (1) Defendant knowingly and intentionally possessed cocaine base; and (2) Defendant intended to distribute the cocaine base.  In his Motion for Judgment of Acquittal, Defendant argues that the Government failed to meet its burden regarding only the possession elements of each count, because there is insufficient evidence to sustain a conviction.

Defendant contends that the Government's case "rose and fell on the testimony of one informant–Dreshon Brumley–an admitted liar, drug trafficker, and drug user who had a recent prior conviction for felony drug trafficking" because Brumley was the only eye witness regarding Defendant's alleged possession of a firearm and crack cocaine.  ECF DKT #80, pages 4-5.  Defendant further contends that the testimony by Defendant's mother and sister refuted much of the testimony put on by the Government.  Therefore, Defendant argues, "[r]elying on Brumley's testimony to convict Mr. Butcher, the word of an admitted liar, drug trafficker, and drug user who has a recent prior conviction for felony drug trafficking, rendered the Government unable to meet its burden of proof beyond a reasonable doubt." *Id.* at 8-9.

In support of this theory, Defendant hearkens to basic constitutional principles.  Defendant argues that the Fifth and Fourteenth Amendments to the Constitution require that "no person suffer the onus of a criminal conviction except upon sufficient proof–defined as evidence necessary to convince a trier of fact beyond a reasonable doubt to the existence of every element of the offense." *Jackson*, 443 U.S. at 315.  Defendant cites the rule in *Jackson*;

and further argues "if the evidence in a case is insufficient to sustain a conviction of the offense charged, courts are required to order the entry of a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure." ECF DKT #80, at 3.

The Government responds to Defendant's motion by first arguing that their case consisted of more than just the testimony by Mr. Brumley.

> The jury had many other pieces of evidence before it to establish Butcher's possession of the firearm and drugs, including, but not limited to, (1) all of the other items found at the house that were directly connected to Butcher; (2) the testimony of postal carrier Alicia Bivens; (3) the testimony of Special Agents Harrell and TFO Bauer; and (4) a number of photographs that connected Butcher with the house at or near the time the drugs and firearm were found.

ECF DKT #88, page 4. The Government then points out that the standard of review for a motion for judgment of acquittal is "without regard to the credibility of the witness," arguing that "[t]his Court, as well as the jury, had the opportunity to observe Mr. Brumley at trial" and "[t]he jury considered the evidence, weighed the credibility of the witness, and determined that Butcher was guilty beyond a reasonable doubt." *Id.*

**3. Analysis**

The Government's argument is compelling. Case law clearly holds that there is a very heavy burden for a defendant to win a motion for judgment of acquittal. Furthermore, the law requires this Court to (1) view the evidence in the light most favorable to the Government, and (2) not weigh the evidence, assess the credibility of a witness, or substitute its judgment for that of the jury's. At trial, the jury was presented with not only Mr. Brumley's testimony, which included his admissions to previous drug trafficking convictions and lying to authorities regarding the present case, but also other substantial evidence as outlined in the Government's

response.  The jury was further aware of testimony put on by Defendant, which refuted the Government's allegations.  Finally, the jury was instructed that

> Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if the witness's testimony was believable and how much weight you think it deserves.  You are free to believe everything that a witness said or only part of it or none of it at all, but you should act reasonably and carefully in making these decisions.

ECF DKT #73, Trial Transcript Part 3, pages 12-13.  This instruction was followed by seven suggested factors for evaluating each witness's testimony.  *Id.* at 13-15.  Of particular note are the following factors:

> Did the witness appear honest, or did the witness appear to be lying?  Ask yourself if the witness had any relationship to the Government or the Defendant or anything to gain or lose from the case that might influence the witness's testimony.

> Ask yourself if the witness had any bias or prejudice or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.  Ask yourself if the witness testified inconsistently while on the witness stand or that the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying.

*Id.* at 13-14.  Despite this knowledge and these instructions, the jury found the Government's case to be credible beyond a reasonable doubt and unanimously convicted the Defendant.

The majority of Defendant's Motion attacks the credibility of Mr. Brumley, a point that cannot be reviewed in deciding the present Motion.  As the Sixth Circuit found in *Wright* when denying a motion for judgment of acquittal, "Defendant's argument . . . merely goes to the weight a finder of fact may accord to . . . testimony and not to its admissibility." *Wright*, 16 F.3d at 1440.  Defendant offers no other evidence or arguments why a rational trier of fact would have found Mr. Brumley's testimony unreliable, or in what other ways the

Government's case contained insufficient evidence to support a conviction. Although based on circumstantial evidence, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Moreover, there is no evidence of prosecutorial failure that would convince this Court to grant Defendant's Motion.

### III. CONCLUSION

Based upon the foregoing analysis, the Court finds that upon sufficient evidence, the jury acted rationally in convicting Defendant beyond a reasonable doubt. Therefore, the Motion (ECF DKT #80) of Defendant for Judgment of Acquittal is DENIED.

**IT IS SO ORDERED.**

                                            s/ Christopher A. Boyko
                                            **CHRISTOPHER A. BOYKO**
                                            **United States District Judge**

**Dated: February 1, 2013**