## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:12CR24 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| DARNELL BUTCHER, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon Defendant's Motion to Reduce his Sentence pursuant to 18 U.S.C. § 3582(c)(2), the Fair Sentencing Act of 2010 and Amendment 782. (Doc. 120). The Government filed a Response in Opposition. (Doc. 121). For the following reasons, Defendant's Motion is **DENIED**.

### I. BACKGROUND FACTS

In a Judgment dated February 6, 2013, the Court sentenced Defendant to 240 months imprisonment and 5 years of supervised release. (Doc. 94). In doing so, the Court found Defendant to be a career offender within the meaning of the Guidelines. (Doc. 99, PageID: 1178). As such, the Court increased his total base offense level from 22 to 32. (*Id.*). The Sixth Circuit affirmed the conviction and sentence. (*See* Doc. 100).

Later, Defendant moved to vacate the conviction and sentence under 28 U.S.C. § 2255. (Doc. 102). The Court denied Defendant's Motion to Vacate (Doc. 112) and the Sixth Circuit

denied Defendant's request for a certificate of appealability (Doc. 117). Defendant appealed and the United States Supreme Court denied Defendant's petition for a writ of certiorari. (Doc. 119).

Defendant now moves to reduce his sentence under 18 U.S.C. § 3582(c)(2). (Doc. 120).[1] The Government opposes Defendant's request for a reduction. (Doc. 121).

## II. LAW & ANALYSIS

### A. Standard of Review

Generally, Federal courts may not modify an individual's term of imprisonment. 18 U.S.C. § 3582(c). An exception to this general rule is contained in 18 U.S.C. § 3582(c)(2). Under this Section,

> [A] defendant is eligible for a reduction in a sentence if: (1) the defendant 'has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission'; and (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'

*United States v. Cook*, 870 F.3d 464, 467 (6th Cir. 2017) (quoting 18 U.S.C. § 3582(c)(2)).

Part one of this test requires the court to "review 'the Commission's instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.'" *Id.* (quoting *Dillion v. United States*, 560 U.S. 817, 827 (2010)). "To satisfy the second requirement, a guidelines amendment must have the effect of lowering the defendant's applicable guideline range." *Id.* (citations omitted).

"In 2014, the Commission passed Amendment 782, which lowered the base offense level for most drug trafficking crimes, and Amendment 788, which made Amendment 782

---

[1] Around the same time, Defendant filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (*See* Case No. 5:19CV2220, Doc. 1). In his Petition, Defendant makes the same argument he makes here—he is not a career offender because of the Sixth Circuit's decision in *United States v. Montanez*, 442 F.3d 485 (6th Cir. 2006). The Court summarily dismissed the Petition as outside the scope of § 2241. (Doc. 4). The Defendant asked the Court to alter this judgment (Doc. 6), which the Court denied (Doc. 10).

retroactive." *United States v. Ferguson*, 656 Fed. App'x 772, 774 (6th Cir. July 29, 2016) (citing *United States v. Lucas*, 636 Fed. App'x 296, 297-98 (6th Cir. Jan. 22, 2016). It is under these two Amendments that Defendant seeks relief. (*See* Doc. 120, PageID: 1387).

**B.      Eligibility for Reduction**

Defendant is not eligible for a reduction based on Amendments 782 and 788 because he remains a career offender under USSG § 4B1.1. Defendants convicted of drug charges but sentenced as career offenders under § 4B1.1 are not eligible for reductions based on retroactive amendments to the drug-quantity guideline table. *See United States v. Payton*, 617 F.3d 911, 914 (6th Cir. 2010); *Cook*, 870 F.3d at 468-69 (collecting decision from the Sixth Circuit holding same). And Amendment 782 "does not impact the career offender Guidelines found in USSG § 4B1.1." *Ferguson*, 656 Fed. App'x at 774. Defendant appears to acknowledge this in his Motion.

To avoid dismissal however, Defendant argues the Court mistakenly classified Defendant as a career offender. He relies on the Sixth Circuit's decision in *United States v. Montanez*, 442 F.3d 485 (2006) to support his argument. And since he is not a career offender, Defendant claims that the Court can apply the Guideline Amendments to his Sentence.

Defendant's argument is without merit. The Supreme Court tells us that the scope of § 3582(c)(2) proceedings are limited in nature. *Dillon*, 560 U.S. at 827. Defendant's attack of his career-offender designation—as well as his attack on trial counsel—improperly broadens that scope. The Government is correct in arguing that Defendant should have brought these claims through either a direct appeal or a motion under 28 U.S.C. § 2255. Accordingly, the Court will not entertain Defendant's argument in this limited proceeding.

- 4 -

### III. CONCLUSION

The Court sentenced Defendant as a career offender.  He cannot challenge that designation under § 3582(c)(2).  As such, the career-offender designation remains.  Amendments 782 and 788 do not change this designation.  And since Defendant's sentence was based on his status as a career offender, he is ineligible for the requested reduction and his Motion is **DENIED**.

**IT IS SO ORDERED.**

                                     s/ Christopher A. Boyko
                                     **CHRISTOPHER A. BOYKO**
                                     **Senior United States District Judge**

**Dated: October 28, 2020**